IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:10CR185 RAS/DDB |
| | § | |
| JOSEPH CHRISTOPHER HERRAGE | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 8, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Quinton Pelley. The Government was represented by Marissa Miller.

On August 3, 2011, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 20 months imprisonment followed by a 5-year term of supervised release for the offense of Certain Activities Relating to Material Involving the Sexual Exploitation of Minors. Defendant began his term of supervision on March 19, 2013.

On August 6, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 46). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexual explicit conduct as defined in 18 U.S.C. 2256(2); (2) Defendant shall be permitted to access the internet at his place of employment for legitimate employment-related purposes only. Defendant shall permit monitoring and/or inspection of his computer by his employer to ensure compliance with this condition; (3) Defendant shall

1

answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (4) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. Defendant shall pay any cost associated with treatment and testing; and (5) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

The Petition alleges that Defendant committed the following violations: (1) On August 5, 2015, Defendant admitted to viewing pornography for about the past six months on his parents' computer and also on his own computer. Additionally, the U.S. Probation Office is in possession of screen shots of Defendant's computer showing him looking at pornographic images of young females on various dates; (2) On August 5, 2015, Defendant admitted to using his parents' computer to access the internet to view and download pornography, which is not a computer he was authorized to use to access the internet; (3) On April 1, May 4, June 1, July 6, and August 3, 2015, the probation officer asked Defendant if he viewed pornography and Defendant responded "no;" (4) Defendant submitted to a polygraph on June 26, 2015. He was asked if he viewed pornography which he denied. The test showed he was truthful; however, on August 5, 2015, he admitted to viewing pornography prior to taking the polygraph and subsequently lying on the polygraph. It is alleged Defendant circumvented the polygraph examination and therefore failed to participate in said testing; (5) Defendant failed to submit a truthful written monthly report for the months of April, May, June, and July 2015. As part of his monthly report, Defendant is required to submit a Sex Offender Monthly Report Form. On said form, as to Question 1: "Have you accessed the internet or an unmonitored/unapproved computer, or internet capable device, during the month?", Defendant

answered "no" for each of the months indicated. As to Question 7: "Have you viewed pornography during the month?", Defendant answered "no" for each of the months indicated. On August 5, 2015, Defendant admitted in writing to using his parents' computer to view and access pornography during each of the months indicated.

At the hearing, Defendant entered a plea of true to allegations one and two. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the September 8, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with five (5) years supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Seagoville, if appropriate.

**SIGNED this 2nd day of October, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE